IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SOUTHWEST AIRLINES CO.,<br><br>Plaintiff,<br><br>vs.<br><br>ROUNDPIPE, LLC., CHASE ROBERTS, and PAVEL YUREVICH,<br><br>Defendants. | Civil Action No. 3:18-cv-00033-G<br><br>**DEFENDANTS' RESPONSE TO SOUTHWEST AIRLINES CO.'S MOTION TO COMPEL**<br><br>Honorable Judge A. Joe Fish |

Defendants, Roundpipe, LLC, Chase Roberts, and Pavel Yurevich (jointly "Roundpipe") submit this response to Plaintiff Southwest Airlines, Co.'s Motion to Compel and request that it be DENIED.

No answer has yet been filed in this case due to the pendency of Roundpipe's motion to dismiss. (Dkt. # 23) Confident that it will prevail on the pending motion and apparently anxious to proceed with the litigation, Southwest urges this Court to compel immediate discovery.

Southwest argues that because this court's Judge Specific Requirements state that no Rule 26(f) conference is required, its discovery requests were deemed served on August 9, 2018 and are now past due. However, neither the Federal Rules nor any local rules addresses when discovery opens when no Rule 26(f) conference is required. Southwest's position is tantamount to saying that discovery opens the moment the Complaint is filed. Such an absurd result argues strongly against Southwest's position. To be sure, this court's Judge Specific Requirements suggest the opposite, that discovery should await issuance of the court's status report order, as Initial Disclosures are due until 30 days of the date of the status report order. (Rule III(A)(1) of Judge Fish's Judge Specific Requirements) Absent extenuating circumstances (none of which

Southwest has identified), it would appear logical that Initial Disclosures should precede other forms of discovery.

Curiously, Southwest makes no argument outlining *why* it needs discovery now or why it cannot wait for a decision on the pending motion to dismiss. Southwest's only expressed rationale (in an e-mail to counsel for Roundpipe) for proceeding with discovery now is "to move this case forward." (Appendix, p. 5) It ignores the fact that if the motion is granted, no discovery will be necessary and any effort spent on such discovery will have been in vain. While Southwest's budget for this litigation may be ample, Roundpipe's is not, and Roundpipe would prefer to proceed with this litigation in the most streamlined fashion possible.

Southwest provides no factual basis supporting its urgency. Indeed, no basis exists, as the conduct complained of in its complaint was discontinued before the complaint was even filed. As noted in Roundpipe's motion to dismiss, the complaint in this action alleges causes of action against Roundpipe based on a website Roundpipe posted at www.swmonkey.com in early November, 2017. The complained-of functionality in the website was disabled on November 21, 2017, in response to Southwest's demand that it do so by that date. Although Southwest has also alleged causes of action against the disabled version of swmonkey.com, they were merely afterthoughts. *See*, section III.B of Defendants' Memorandum in Support of Their Motion to Dismiss (Dkt # 24), explaining why the complaint fails to state a cause of action against the disabled swmonkey.com.

Having disabled the functionality that helped Southwest's customers save money on airfare, Southwest cannot claim an ongoing harm from Roundpipe's conduct. The complaint is really about a website that was up for less than three weeks—there is no ongoing harm. Granting Southwest immediate discovery is not going to change any harm Southwest may have suffered.

This motion is but another attempt by Southwest to punish Roundpipe. It should be denied.

DATED: October 13, 2018

        By: *s/ Charles L. Roberts*
        Charles L. Roberts *(pro hac vice admission)*
        Utah Bar No. 5137
        *Attorney in Charge*
        **Wasatch-IP, A Professional Corp.**
        2825 E. Cottonwood Parkway, Suite 500
        Salt Lake City, Utah 84121
        Telephone: 801-292-5300
        Facsimile: 801-506-6699
        *croberts@wasatch-ip .com*

        *Attorney for Defendants*
        *Roundpipe, LLC, Chase Roberts, and Pavel Yurevich*

**CERTIFICATE OF SERVICE**

On October 13, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Charles L. Roberts